IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cr-30113-DWD |
| | ) |
| JOSHUA WOODS, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING
THE EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

Before the Court is Defendant's *pro se* Motion for the Early Termination of Supervised Release. (Doc. 3). As explained below, the Motion is **GRANTED**.

On June 21, 2013, Defendant pled guilty pursuant to a plea agreement to being a felon in possession of a firearm (armed career criminal) under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See U.S. v. Woods*, No. 13-cr-90-AGF, Docs. 25 & 48 (E.D. Mo.). On February 7, 2014, he was sentenced by District Judge Audrey G. Fleissig to a term of imprisonment of 120 months. *See id.* at Doc. 48, pg. 2. That sentence ran "concurrent with any sentence imposed under Case No. 1222-CR03544-01 and consecutive to any sentence imposed under Case No. 2106R-00682-01." *See id*. Defendant was also sentenced to a term of three years of supervised release and a special assessment of $100. *See id.* at 3, 5-6. Defendant's sentence was affirmed by the Eighth Circuit on January 8, 2015. *See id.* at Docs. 68, 69, 70, 71. On August 19, 2025, the jurisdiction over Defendant's supervised release was transferred to the undersigned in the Southern District of Illinois. (Docs. 1 & 2).

1

On January 20, 2026, Defendant, who was released from federal custody on August 12, 2024, filed his *pro se* Motion for the Early Termination of Supervised Release. (Docs. 3; 6, pg. 2). Defendant has served more than a year of supervised release. (Doc. 3, pg. 1). In support of his request, Defendant represents the following to the Court:

> Since his release from the Bureau of Prisons, Defendant has demonstrated exceptional compliance and rehabilitation, including:
>
> - Full compliance with all conditions of supervised release;
> - No violations or disciplinary issues; and
> - Consistent communication and cooperation with supervising authorities.
>
> Defendant has maintained steady, lawful employment during his period of supervision. His continued employment reflects stability, responsibility, and a sustained commitment to a law-abiding lifestyle.

(Doc. 3, pg. 1).

Defendant notes his status as an armed career offender, but he "respectfully submits that his post-release conduct, demonstrated rehabilitation, steady employment, and consistent compliance support early termination." (Doc. 3, pgs. 1-2). He also indicates his supervision focused on personal growth, responsibility, and lawful living. (Doc. 3, pg. 2). It was viewed as "an opportunity to demonstrate lasting change." (Doc. 3, pg. 2).

Plaintiff and the United States Probation Office, for their part, do not oppose Defendant's request, as "[h]e has abided with his supervision." (Doc. 6, generally). In fact, the United States Probation Office "has indicated that Mr. Woods is a good candidate for early termination of supervised release." (Doc. 6, pg. 2). It elaborated by stating:

> Mr. Woods has completed a mental health evaluation and was not recommended for treatment. All other special conditions have been satisfied as well. Mr. Woods has maintained employment through this term

2

>of supervision. Upon his release he found employment with Terra Source in Belleville, Illinois and has since moved to Precoat Metals in Granite City, Illinois. On November 5, 2025, Mr. Woods was involved in a work-related accident and suffered a concussion. He has since been out of work pending medical clearance (documentation has been received to verify this).
>
>Mr. Woods commenced supervision residing with his wife in O'Fallon, Illinois but the relationship has since deteriorated, and Mr. Woods has obtained his own apartment and since moved in with a relative. It should be noted that throughout the struggles with his relationship Mr. Woods took the steps to engage in marriage counseling and mental health treatment to address his needs.
>
>In terms of noncompliance Mr. Woods received one traffic citation on May 9, 2025, for Driving without Valid Driver's License and Using a Cellphone while Driving. Since receiving this citation Mr. Woods has obtained a valid driver's license. Mr. Wood's has completed 7 drug tests to date while on supervision and has not tested positive for any illicit substances.
>
>Throughout this term of supervision, the probation office has noted a visible change in Mr. Wood's demeanor and pro-social thinking. This, paired with his stable residence with a family member, full time employment, and maintained sobriety; illustrates that Mr. Wood's has successfully reintegrated into the community and the probation office would not object to his early termination.

(Doc. 6, pgs. 2-3).

The United States Attorneys Office "agrees with the position of the United States Probation Office." (Doc. 6, pg. 3).

Now, Defendant's *pro se* Motion is governed by 18 U.S.C. § 3583(e)(1), which states the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified,

no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or supervised release, and (2) the Government has received notice and a reasonable opportunity to object to the action. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** the above requirements are satisfied, such that a hearing is not required. *See id*. The Court **FURTHER FINDS**, under § 3583(e)(1), Defendant has completed more than a year of supervised release. *See* 28 U.S.C. § 3583(e)(1). The early termination of Defendant's supervised release is also warranted and in the interests of justice, as it appears he is unlikely to benefit from further supervision. *See id*. Therefore, considering the factors set forth in 28 U.S.C. § 3553(a), the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**

Dated: January 28, 2026

_____
DAVID W. DUGAN
United States District Judge